IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROSEMARY E. HARRIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMUNITY RESOURCES )<br>COUNCIL OF SHAWNEE COUNTY, )<br>KANSAS, INC., et al., )<br>)<br>Defendants. ) | Case No. 04-2578-CM |

### **ORDER**

This case comes before the court on defendants' objections **(doc. 20)** to plaintiff's affidavit of fees and costs (doc. 17) relating to its earlier motion to compel (doc. 10), which was granted by the court on May 18, 2005 (doc. 16). By way of these objections, defendants argue that the fees and costs set forth in that affidavit are unreasonable. On June 3, 2005, less than three hours before defendants filed the instant objections, the undersigned magistrate judge entered an order (doc. 19) determining that the fees set forth in the affidavit were reasonable. Therefore, the court construes defendants' current objections as a motion for reconsideration of that earlier order. For the reasons set forth below, this motion for reconsideration is denied.

On April 19, 2005, plaintiff filed her motion to compel Fed. R. Civ. P. 26(a)(1) disclosures (doc. 10). By way of that motion, plaintiff informed the court that defendants had

yet to provide Rule 26(a)(1) disclosures almost one month after the March 24, 2005 deadline for doing so had passed. Defendants' response to plaintiff's motion to compel was due on May 3, 2005.[1] As of May 18, 2005, more than two weeks after the response deadline had passed, defendants still had failed to provide any response. Therefore, the court granted plaintiff's motion – including her request for discovery sanctions – as unopposed.[2] The court directed defendants to provide complete Rule 26(a)(1) disclosures to plaintiff by May 25, 2005. In addition, the court concluded that plaintiff's fees and costs should be assessed for defendants' failure to provide timely Rule 26(a)(1) disclosures and for their failure to respond to plaintiff's motion.

Therefore, as directed by the court, plaintiff filed an affidavit of the costs and fees incurred in bringing the motion to compel (doc. 17). Plaintiff's counsel attested that he incurred $1,000.00 in fees relating to the motion to compel. Although directed to respond regarding the reasonableness of those fees by June 1, 2005, defendants failed to do so. Therefore, on June 3, 2005, the court issued an order in which it concluded that the fees sought were reasonable and directed defendants to pay plaintiff's counsel $1,000.00 by June 17, 2005.

By way of the instant objection, defendants now attempt to argue that the $1,000.00 in fees sought by plaintiff is unreasonable. While plaintiff's counsel stated that he spent four and one-half hours preparing plaintiff's motion to compel, defendants opine that a seasoned attorney should have spent no more than one-half hour preparing the motion. Defendants also

---

[1] D. Kan. Rule 6.1(d).

[2] Doc. 16.

claim that they did not believe it was necessary to respond to plaintiff's motion to compel because the issues set forth therein were moot.

As set forth above, the court construes this objection as a motion for reconsideration of the court's order awarding $1,000.00 to plaintiff's counsel (doc. 19). D. Kan. Rule 7.3(b) provides, in relevant part:

> . . . A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice.

Whether to grant or deny a motion for reconsideration is committed to the court's discretion.[3]  A motion to reconsider gives the court the opportunity to correct manifest errors of law or fact and to review newly discovered evidence.[4]  A motion to reconsider is appropriate if the court has obviously misapprehended a party's position, the facts, or applicable law or if the party produces new evidence that could not have been obtained through the exercise of due diligence.[5]

Clearly, under this standard, defendants have not presented any information that would merit reconsideration of either this court's order granting the motion to compel (doc. 16) or its order awarding the requested fees (doc. 19). Defendants were free to present the instant arguments in response to plaintiff's motion to compel and in response to the affidavit of costs.

---

[3] *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[4] *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992).

[5] *Voelkel v. General Motors Corporation*, 846 F. Supp. 1482 (D. Kan. 1994); *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981).

Defendants chose not to do so. The reason for this choice is insignificant. Defense counsel's misconception regarding whether responses were necessary is insufficient to merit reconsideration of this court's earlier orders.

Therefore, for the reasons set forth above, the court will overrule defendants' current objections **(doc. 20)**, which the court construes as a motion for reconsideration of its earlier orders (docs. 16 & 19). By **June 17, 2005**, therefore, defendants shall pay plaintiff's counsel $1,000.00 and shall file a certificate of service indicating that this payment has been made.[6]

IT IS SO ORDERED.

Dated this 7th day of June, 2005 at Kansas City, Kansas.

                                        s/ James P. O'Hara
                                        James P. O'Hara
                                        U.S. Magistrate Judge

---

[6] To the extent defendants intended to seek review of the undersigned magistrate judge's earlier orders by the Hon. Carlos Murguia, U.S. District Judge, defendants should proceed pursuant to Fed. R. Civ. P. 72.