IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROSEMARY E. HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04-2578-CM |
| | ) |
| COMMUNITY RESOURCES | ) |
| COUNCIL OF SHAWNEE COUNTY, | ) |
| KANSAS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This case comes before the court on plaintiff's motion **(doc. 29)** for her costs and fees incurred during mediation. Defendants have responded (docs. 38 & 39), and plaintiff has filed a reply brief (doc. 45). As set forth below, plaintiff's motion is denied.

Also before the court is defendants' motion, pursuant to Fed. R. Civ. P. 33 and D. Kan. rule 33.1, for leave to exceed 25 interrogatories **(doc. 41)**. The court has reviewed defendants' motion and supporting memorandum (doc. 43), plaintiff's response (doc. 49), and defendants' reply (doc. 51). As set forth below, defendants' motion is granted.

First, plaintiff asks the court to award her the fees and costs she incurred in attending mediation on May 31, 2005. Plaintiff claims that defendants and their counsel were not prepared for the mediation and that their lack of preparation doomed the mediation to failure. Defendants argue that they were, in fact, prepared for the mediation, but that their evaluation

of the case is far different from plaintiff's. Defendants argue that their unwillingness to raise their settlement offer to plaintiff's demand resulted from a difference in the parties' assessments of the case, rather than from any lack of preparation.

The record before the court is nothing more than a "he said-she said" account of the mediation at issue. Based upon the current record, the court is unable to conclude that defendants participated in the mediation in bad faith. Therefore, plaintiff's motion **(doc. 29)** is denied.

Next, defendants ask the court to allow them to serve more than 25 interrogatories upon plaintiff. Plaintiff opposes the request. For good cause shown, defendants' motion **(doc. 41)** is granted.

The court admonishes counsel for all parties to improve the quality of their future filings in this court. That is, counsel are directed to address the merits of issues properly before the court, rather than resort to unacceptable "name-calling" as they have done in the motion papers currently before the court.

IT IS SO ORDERED.

Dated this 1st day of August, 2005 at Kansas City, Kansas.

                                                      s/ James P. O'Hara  
                                                      James P. O'Hara  
                                                      U.S. Magistrate Judge