# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ROSEMARY E. HARRIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | No. 04-2578-CM |
| ) | |
| **COMMUNITY RESOURCES COUNCIL** ) | |
| **OF SHAWNEE COUNTY, KS., INC. and** ) | |
| **JAMES L. OLSON,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

On November 11, 2004, plaintiff Rosemary E. Harris brought this action against defendants Community Resources Council of Shawnee County, Kansas, Inc. and James L. Olson, alleging: (1) hostile work environment in violation of the Kansas Act Against Discrimination ("KAAD"); (2) race discrimination in violation of KAAD and 42 U.S.C. § 1981 ("§ 1981"); and (3) retaliation in violation of KAAD and § 1981.[1] The case is before the court on Plaintiff's Motion for Order to Amend Pretrial Order (Doc. 169). Because plaintiff failed to carry her burden, the motion is denied.

The court approved the Pretrial Order on November 8, 2005. In that order, plaintiff noted an intention to amend the pleadings to include a claim alleging hostile work environment in violation of § 1981. The court entered judgment on defendants' motions for summary judgment on May 16, 2006, confirming the dismissal of plaintiff's Title VII claims and addressing the merits of plaintiff's

---

[1] More background information is provided in this court's summary judgment order, *Harris v. Cmty. Res. Council of Shawnee County, Kan., Inc.*, No. 04-2578-CM, 2006 WL 1360080, at *1 (D. Kan. May 16, 2006).

remaining claims. The jury trial was set to begin on June 5, 2006, but has been reset three times. The jury trial is currently set to begin on January 29, 2007. Plaintiff filed this motion on January 9, 2007, requesting that the pretrial order be amended to include a claim alleging hostile work environment in violation of § 1981.

## I.   Judgment Standards

Local Rule 16.2 states that the pretrial order, when approved by the court and filed with the clerk, "will control the subsequent course of the action." D. Kan. R. 16.2(c). The rule allows modification of a pretrial order "by consent of the parties and court, or by an order of the court to prevent manifest injustice." *Id.* The party moving for modification bears the burden of demonstrating manifest injustice. *Wilson v. Sedwick County Bd. of County Comm'rs*, No. 05-1210-MLB, 2006 WL 2850326, at *5 (D. Kan. Oct. 3, 2006) (citing *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000)). Because defendants do not consent to plaintiff's proposed amendments, the court turns to whether plaintiff can establish manifest injustice.

When considering whether a party has demonstrated manifest injustice, a court considers four factors: "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order." *Id.* (quoting *Koch*, 203 F.3d at 1222). Additionally, courts consider the timing of when the party knew of the potential need for modification. *See id.* ("[I]f the evidence or issue was within the knowledge of the party seeking modification of the pretrial order at the time of the pretrial conference then [modification] may not be allowed.") (quoting *Koch*, 203 F.3d at 1217); *Tuttle v. Eats & Treats Operations, Inc.*, No. 03-4139-RDR, 2005 WL 2704957, at *2 (D. Kan. Aug. 8, 2005) ("[D]efendant could have raised this

issue much earlier in this litigation without impacting the trial schedule."); *Sunflower Elec. Power Corp. v. Clyde Bergemann, Inc.*, No. 04-1003-WEB, 2005 WL 1842754, at *14 (D. Kan. Aug. 3, 2005) (allowing a party to modify the pretrial order because the issues would be identical, but noting that "no trial date has been set; consequently any prejudice or surprise suffered by Defendant can be ameliorated by allowing further time for discovery").

**II.    Analysis**

Plaintiff claims that manifest injustice will result if the claim alleging hostile work environment in violation of § 1981 is not included because "damages and remedies available at law under this section differ from those available under Title VII[2] and [KAAD]." Plaintiff further claims that because the elements of the proposed claim are identical to claims presently alleged, this amendment will not prejudice defendants or disrupt the trial setting. The only explanation for the timing of this motion is that plaintiff recently added new counsel, who reviewed the pleadings and "realized the omission."

Defendants respond that "it will be highly prejudiced" if the pretrial order is amended because defendant Olson's exposure will drastically increase. Defendants also claim that the proposed amendment would affect discovery because of the different statutes of limitations.

Defendants' argument regarding the statutes of limitations lacks merit. As defendants note, "the statute of limitations for a § 1981 claim is two years,[3] whereas the statute of limitations for plaintiff's hostile work environment claim under the KAAD is three years, much of which was

---

[2] This court's November 15, 2005 and May 16, 2006 orders (Docs. 103, 118), which discuss the dismissal of all Title VII claims, make plaintiff's continued reference to Title VII inappropriate.

[3] Because neither party addresses whether the proposed claim arises under § 1981(a) or § 1981(b) and plaintiff claims "no additional discovery is necessary," the court momentarily accepts the argument that the statute of limitations is two years.

tolled." Why defendants believe that new dates will become relevant is unclear. The elements of a hostile work environment claim under KAAD and § 1981 are identical. *Compare Garvey Elevators, Inc. v. Kan. Human Rights Comm'n*, 961 P.2d 696, 702–03 (Kan. 1998); *with Carter v. Meridian Auto. Sys., Inc.*, 368 F. Supp. 2d 1130, 1138 (D. Kan. 2004). Moreover, the relevance of evidence beyond the statute of limitations is the same for KAAD and § 1981 claims. *See Rebarchek v. Farmers Coop. Elevator & Mercantile Ass'n of Dighton, Kan.*, 35 P.3d 892, 901 (Kan. 2001) ("[I]n the context of [KAAD], events predating the period of limitations may provide a basis for recovery because they were part of a continuing pattern of discrimination."); *McCall v. Bd. of Comm'rs of County of Shawnee, Kan.*, 291 F. Supp. 2d 1216, 1225 (D. Kan. 2003) ("[A]s long as some of the conduct occurred within the relevant limitations period, the statute of limitations applicable to Section 1981 . . . claims should not bar consideration of all the conduct claimed to constitute a hostile work environment."). Consequently, the inclusion of the § 1981 claim would not make additional dates relevant.

Despite defendants' lack of clarity concerning the prejudice they would suffer, it remains that plaintiff did not timely request the amendment or provide sufficient justification for the late filing. Plaintiff knew of the potential § 1981 claim in November 2005. Plaintiff waited fourteen months before filing the motion to amend, choosing to file the motion less than three weeks before trial. The only explanation for this timing is the addition of new counsel. This is insufficient to establish that denial of the motion will result in manifest injustice. Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Order to Amend Pretrial Order (Doc. 169) is denied.

Dated this 23rd day of January 2007, at Kansas City, Kansas.

                                        **s/ Carlos Murguia**
                                        **CARLOS MURGUIA**
                                        **United States District Judge**